# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

EDUARDO ENCARNACION BUENO

(Name and Address of Defendants)

**CRIMINAL COMPLAINT**

CASE NUMBER: 05 MJ 00009

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __June 6, 2005,__ in __Suffolk__ County, in the District of __Massachusetts__ and elsewhere defendant did,

knowingly and intentionally and unlawfully import into the United States, from a place outside thereof, heroin, a Class I controlled substance,

in violation of Title __21__ United States Code, Section(s) __952(a)__.

I further state that I am a __Special Agent with the Bureau of Immigration and Customs Enforcement__ and that this complaint is based on the following facts:

See Attached Affidavit of Special Agent Peter A. Darling

Continued on the attached sheet and made a part hereof:   X Yes   ☐ No

Signature of Complainant
Peter A. Darling
Special Agent, Bureau of Immigration and Customs Enforcement

Sworn to before me and subscribed in my presence,

June 7, 2005
Date

Boston, Massachusetts
City and State

LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE

Name and Title of Judicial Officer

Signature of Judicial Officer

## AFFIDAVIT OF PETER A. DARLING

I, PETER A. DARLING, being duly sworn, hereby depose and state as follows:

1. I am a Special Agent with the Bureau of Immigration and Customs Enforcement ("ICE"). I have been employed as a Special Agent for ICE since November 1998. I am currently assigned to the Logan Airport Task Force located in Boston, Massachusetts.

2. I have participated in drug related arrests and interviewed witnesses and defendants. I have received specialized training sponsored by ICE regarding narcotics identification, narcotics investigations, and narcotics trafficking. I am familiar with the appearance of narcotics sold on the street, including heroin, and the manner in which such narcotics are packaged and sold, and smuggled into the country.

3. This Affidavit is submitted in support of a criminal complaint charging EDUARDO ENCARNACION BUENO ("ENCARNACION") with importation of heroin, a Schedule I controlled substance, into the United States from a place outside thereof, in violation of 21 U.S.C. § 952(a). This affidavit does not set forth all the facts developed during the course of this investigation. Rather, it sets forth only those facts that are necessary and sufficient to establish probable cause to believe that ENCARNACION has committed the crime set forth in the accompanying Criminal Complaint.

4.   On Monday, June 6, 2005, at approximately 9:30 p.m., ENCARNACION arrived at Logan International Airport in Boston, Massachusetts, on American Airlines Flight 2084 from Santo Domingo, Dominican Republic.  Investigation by U.S. Customs officials revealed that ENCARNACION traveled from Puerto Rico to Boston on May 29, 2005, then traveled from Boston to Santo Domingo, Dominican Republic on May 30, 2005, and thereafter returned to Boston from the Dominican Republic on June 6, 2005. Investigation revealed that the ticket was purchased for $952.00 in cash and had been recently reissued on May 29, 2005 and changed from the name of Candy Medina into the name of ENCARNACION.

5.   Upon arrival at Logan International Airport, ENCARNACION was questioned by officials of Customs and Border Protection.  When questioned by Customs officials, ENCARNACION was evasive and inconsistent in his answers regarding basic information and his itinerary.  U.S. Customs officials also observed that he was acting in a nervous manner.  At approximately 12:00 midnight, based on the foregoing, Customs officials requested that ENCARNACION consent to a X-Ray of his person.  ENCARNACION consented to the X-Ray and signed a consent form, written in Spanish.

5.   Thereafter, ENCARNACION was transported to Whidden Memorial Hospital in Everett, Massachusetts, where at

approximately 1:25 a.m., medical personnel conducted X-Rays of the stomach area of ENCARNACION. The X-Rays showed numerous pellets inside the stomach of ENCARNACION. ENCARNACION subsequently admitted to officials that he had swallowed 38 pellets of heroin in the Dominican Republic to smuggle into the United States.

6. At approximately 2:40 a.m., ENCARNACION passed 16 pellets. At approximately 3:18 a.m., the substance inside one of the passed pellets field tested positive for heroin. At 3:23 a.m., ENCARNACION was given his Miranda rights and thereafter placed under arrest.

7. Based on the information contained in this affidavit, all of which is true and accurate to the best of my knowledge, information and belief, I believe that there is probable cause to believe that ENCARNACION did import heroin, a Schedule I controlled substance, into the United States from a place outside thereof, in violation of 21 U.S.C. § 952(a).

PETER A. DARLING
Bureau of Immigration and Customs Enforcement

Subscribed and sworn to before me this 7TH day of May 2005.

LEO SOROKIN
United States Magistrate Judge



3